Andrias, J.R, and Catterson, J.,
dissent in a memorandum by Catterson, J., as follows: I must respectfully dissent because there is no legal obligation for a defendant’s insurer to notify a potential plaintiff or plaintiffs counsel of the insurer’s change of address. Moreover, to put forth the lack of such notice as a valid excuse for the failure to notify the insurer of pending litigation ignores the reality that American Transit’s address could have been verified on the Internet in approximately three tenths of a second.
The undisputed facts of this case are as follows: On November 12, 2002, Arthur Brown, the plaintiff in the underlying action, was involved in a car accident with a vehicle owned and operated by Albertano Batista. Batista was insured by American Transit Insurance Company (hereinafter referred to as ATIC). Brown’s counsel notified ATIC of his client’s claim against Batista, and ATIC acknowledged Brown’s claim in a letter dated January 28, 2003, and assigned a claim number. The letterhead and annexed forms bore an address of 275 Seventh Avenue, New York, NY 10001. Subsequently, ATIC conducted a property damage appraisal and settled the property damage portion of the claim.
Almost three years later, on or about November 9, 2005, Brown commenced an action against Batista in order to recover damages for personal injuries sustained in the accident. On January 26, 2006, Brown’s counsel sent a courtesy copy of the summons and complaint to ATIC instructing it to interpose an answer on behalf of its insured. The letter was sent to the Seventh Avenue address.
There was no reply or appearance by ATIC which, in fact, had moved two years earlier in November 2003 to offices on West 34th Street, Manhattan. On June 21, 2007, following an inquest, the court granted a default judgment in favor of Brown for *450 $75,000. Judgment in the total amount of $81,830, including medical liens and interest, was entered against Batista on July 19, 2007. On August 9, 2007, Brown’s counsel sent notice of entry of the judgment to ATIC at its current address on West 34th Street.
ATIC disclaimed coverage on the ground that it was not provided with timely notice of the lawsuit. ATIC then brought this declaratory judgment action alleging that neither Brown nor Batista complied with its policy requiring timely notice of commencement of an action against one of its insured. It stated that the first notification of the lawsuit was received after judgment was entered against Batista.
Supreme Court denied Brown’s motion and ATIC’s cross motion for summary judgment on the ground that additional discovery was needed. In my opinion, the motion court erred in not granting summary judgment to ATIC.
On appeal, Brown argues that, because he sent the copy of the summons and complaint to ATIC, therefore ATIC must have received it because letters sent through the United States Postal Service are “generally” not destroyed. Brown continues to hypothesize that in cases where a recipient has moved, the post office will return the mail to the sender with the intended recipient’s new address. Without citation to any authority whatsoever, Brown then concludes that because he did not receive any such returned mail, there is a “clear presumption” that the mailing was received by ATIC. Wisely, Brown has a fallback position: namely, if ATIC did not receive the letter, it is because Brown sent it to the wrong address because ATIC did not notify him of the change of addresses.
The majority inexplicably accepts this latter position as a valid excuse and so determines that coverage is not vitiated in this case. Thus, without citing to any legal authority, the majority places the burden on the defendant’s insurer to notify a potential plaintiff as to the correct address to which to send a copy of a summons and complaint years after it has moved to a different location. Further, the majority rejects ATIC’s statements that it sent a mass mailing announcing the change of address at the time of the move, and that it notified the State Insurance Department and the post office of the change of address, and changed its address on its Web site and all phone listings. Instead, the majority makes clear that ATIC should have sent specific notification of the new address to Brown or his counsel.
In my opinion, the majority has placed the burden on the wrong party. There is no legal obligation on ATIC to establish what sufficient efforts it made, if any, to notify a potential *451 plaintiff of a change of address. Certainly, there is no legal authority whatsoever for the majority’s demand that ATIC should have sent a specific notification to the counsel of a plaintiff whose property claim had been settled almost a year prior to ATIC’s move to a new location.
In the absence of any legal authority for such a position, it appears the majority is willing to accept an attorney’s lack of diligence in failing to spend three tenths of a second to verify an address on the Internet as a valid excuse for the failure to satisfy an insurer’s notice requirement. For the foregoing reasons, I believe that the motion court’s order should be reversed and ATIC’s motion for summary judgment should be granted.